UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYMONE DIOR BROWN,

          Petitioner,

                                   CASE NO. 11-cv-11504

v.                                 HONORABLE GEORGE CARAM STEEH

MILLICENT WARREN,

          Respondent.

_____/

**OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION,**
**DENYING A CERTIFICATE OF APPEALABILITY, BUT**
**GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS* ON APPEAL**

      Petitioner Symone Dior Brown has filed a *pro se* habeas corpus petition under 28

U.S.C. § 2254.  The petition challenges Petitioner's plea-based convictions for two

assault crimes and two counts of possessing a firearm during the commission of a

felony (felony firearm).  Petitioner alleges that the victim's identification of her as the

person who shot and injured him was tainted and that defense counsel's failure to

challenge the identification constituted ineffective assistance of counsel.  These claims

were waived by petitioner's guilty plea.  Therefore, the petition will be dismissed.

**I.  Background**

      Petitioner initially was charged with assault with intent to commit murder, assault

with intent to rob while armed, and one count of felony firearm.  The charges arose from

an incident that occurred outside Marcus Washington's apartment building in Pontiac,

Michigan.  A man and a woman approached Mr. Washington and his friend Mac Moore

at approximately 8:30 p.m. on July 29, 2008.  The man asked for change for a one hundred-dollar bill.  As Mr. Washington removed more than five hundred dollars in cash from his pocket, the woman pulled a pistol from her back pocket and shot Washington in the chest.  His money and watch were taken.

Mr. Washington was hospitalized after the shooting and did not view a photo array or a line-up.  Petitioner's mother, however, informed the police on or about July 31, 2008, that petitioner had admitted to shooting somebody.  The police then arrested petitioner and interrogated her.  She apparently confessed to the crimes, but the trial court later suppressed the confession on constitutional grounds.

At the preliminary examination on December 30, 2008, Mr. Washington testified that he had recognized the man during the incident in question, but not the woman.  He described the woman as chubby, "dusty looking," and light skinned.  He stated that he did not recall anything about the woman's face or hairstyle, but he thought he probably would recognize her if he saw her again.  The prosecutor then asked Washington to look around the room and determine whether he recognized the person who shot him. The colloquy between Mr. Washington and the prosecutor continued as follows:

> Q [by the prosecutor] I don't want you to point to someone because you think the person is sitting in the right place.
>
> A [by Marcus Washington]  Right.
>
> Q  It could be anyone in this courtroom or not at all.
>
> A  All right.
>
> Q I want you to be honest with me and tell me if you can ID somebody today.

(Tr. Dec. 30, 2008, at 15.)

Mr. Washington then identified petitioner as the person who had shot him. He claimed that he recognized her from the apartments and that she had been two to three feet away from him at the time of the shooting. He also said that it was broad daylight at the time and that he could clearly see the people.

The district court judge stated at the conclusion of the preliminary examination that he found Mr. Washington's testimony to be credible because the shooter stood three feet in front of Washington and Washington had a pretty good idea of who shot him. After the prosecutor amended the criminal complaint to include an additional count of felony firearm, the district court judge transferred the case to Oakland County Circuit Court on two counts of felony firearm and the two assault counts.

On April 15, 2009, petitioner pleaded guilty, as charged, to assault with intent to commit murder, Mich. Comp. Laws § 750.83, assault with intent to rob while armed, Mich. Comp. Laws § 750.89[1], and two counts of felony firearm, Mich. Comp. Laws § 750.227b. There was no plea bargain, but the trial court agreed to sentence petitioner at the bottom of the guidelines pursuant to *People v. Cobbs*, 443 Mich. 276, 283 (1993) (stating that, "[a]t the request of a party, and not on the judge's own initiative, a judge may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense"). On April 30, 2009, the trial court sentenced petitioner to two years in prison for the felony firearm

---

[1] At the plea, the prosecutor stated that he had amended the third count to read armed robbery instead of assault with intent to rob while armed. Defense counsel agreed, and petitioner proceeded to admit that she robbed and shot Marcus Washington. The trial court, however, subsequently sentenced petitioner for assault with intent to rob while armed, not armed robbery, and the amended judgment of sentence states that petitioner pleaded guilty to assault with intent to rob while armed.

convictions and to a consecutive term of 171 months (fourteen years, three months) to

forty years for the two assault convictions.

       Petitioner raised her habeas claims in applications for leave to appeal.  The

Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds

presented.  *See People v. Brown*, No. 297795 (Mich. Ct. App. June 22, 2010).  On

October 26, 2010, the Michigan Supreme Court denied leave to appeal because it was

not persuaded to review the issues.  *See People v. Brown,* 488 Mich. 914 (2010)

(table).

       Petitioner filed her habeas corpus petition on April 8, 2011.  Her sole claim reads:

> Defendant is entitled to withdraw her plea and should be afforded the
> opportunity to go to trial in this case where the only identification of
> defendant occurred in the context of the assistant prosecutor's highly
> suggestive and improper editorial comment about where the alleged
> "shooter" would be "seated" in the court room, and where defense
> counsel's failure to challenge this identification below constituted
> ineffective assistance of counsel, depriving defendant of her constitutional
> right to counsel.

Respondent Millicent Warren argues in an answer to the habeas petition that review of

this claim is foreclosed by petitioner's guilty plea.

## II.  Standard of Review

       "The statutory authority of federal courts to issue habeas corpus relief for

persons in state custody is provided by 28 U.S.C. § 2254, as amended by the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)."  *Harrington v. Richter*,

__ U.S. __, __, 131 S. Ct. 770, 783 (2011).  Pursuant to § 2254, a habeas petitioner is

not entitled to the writ of habeas corpus unless the state court's adjudication of her claim

on the merits

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

Although both state appellate courts in this case issued one-sentence orders denying leave to appeal, the Supreme Court stated in *Harrington v. Richter* that, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 131 S. Ct. at 784-85.  Petitioner raised her habeas claim in the Michigan Court of Appeals and in the Michigan Supreme Court.  Neither appellate court declined to review her claim on the basis of a procedural error.  The Court therefore presumes that the state appellate court orders were adjudications on the merits of petitioner's claim and that the deference due under § 2254(d) applies here.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. at 786.  To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim "was so lacking in justification" that it resulted in "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

### III. Discussion

5

Petitioner alleges that she should be permitted to withdraw her guilty plea because Marcus Washington identified her as the shooter after the prosecutor instructed Mr. Washington at the preliminary examination not to identify someone because he thought the person was sitting in the right place.  Petitioner contends that the prosecutor's comment was highly suggestive and an improper editorial comment about where the shooter was seated in the courtroom.  Petitioner further alleges that defense counsel was ineffective for failing  to challenge Mr. Washington's identification of her.

### A.  The Allegedly Suggestive Identification

Petitioner's claim that the identification of her as the shooter was the result of the prosecutor's suggestive comment at the preliminary examination lacks merit because

> [a] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that [s]he is in fact guilty of the offense with which [s]he is charged, [s]he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Stated differently,

> [a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.  Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.  If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

*United States v. Broce*, 488 U.S. 563, 569 (1989).

Petitioner was represented by counsel at the plea, and the record indicates that her guilty plea was voluntary and intelligent.  She was nineteen years of age at the time,

6

and she had a twelfth grade education. She was informed of the charges, the maximum penalties for the crimes, and the trial court's promise to sentence her at the bottom of the sentencing guidelines. She claimed to understand the rights that she was waiving, and she stated that no one had promised her anything or threatened her to make her plead guilty. She then said that it was her own choice to plead guilty. She provided a factual basis for her plea, including an admission that she had intended to kill Marcus Washington.

Petitioner appears to have understood the charges, the rights she was waiving, and the consequences of her plea. In light of her "[s]olemn declarations in open court," which "carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), the Court concludes that petitioner's plea was a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Consequently, she has waived review of her claim that the pretrial identification of her was tainted. *Tollett v. Henderson*, 411 U.S. at 267; *United States v. Broce*, 488 U.S. at 569; *see also Kost v. Cox*, 317 F. Supp. 884, 886 (W.D. Va. 1970) (stating that "the question of admissibility of the in-court identification does not survive the guilty plea"); *People v. Eubank*, 121 Mich. App. 277, 229-30 (1982) (concluding "that the plea of guilty waived any errors in identification").

## B.  Trial Counsel

Petitioner also has waived review of her claim about defense counsel's alleged failure to challenge the identification testimony. "A voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings," *United States v. Ormsby*,

252 F.3d 844, 848 (6th Cir. 2001), including a claim of ineffective assistance of counsel that does not relate to the voluntariness of the plea, *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).[2]

To the extent petitioner is arguing that defense counsel was ineffective for advising her to plead guilty, she must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). This same two-part test applies to ineffective-assistance claims arising from the plea process. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The first prong of this test requires asking "whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

The second or "prejudice" prong of the *Strickland* test "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The defendant must demonstrate "a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial." *Id.*

───────────────

[2] The Court notes, moreover, that defense counsel did challenge Mr. Washington's identification testimony at the preliminary examination. He produced a police officer who testified that the police report pertaining to the crime did not (1) contain a description or identification of the shooter, (2) mention the watch or the fact that money was taken from the victim, (3) identify the person who was with the shooter, or (4) indicate what the shooter had said before the shooting. (Tr. Dec. 30, 2008, at 54-57.) At the conclusion of the hearing, defense counsel argued that Mr. Washington's testimony was not credible because his description of the shooter did not appear in the police report and he identified petitioner for the first time at the preliminary examination where petitioner was seated next to defense counsel in an orange jumpsuit. (*Id.* at 58-59.)

2:11-cv-11504-GCS-RSW   Doc # 11   Filed 01/09/12   Pg 9 of 10   Pg ID 258

Petitioner expressed satisfaction with her attorney's advice at the plea proceeding (Tr. Apr. 15, 2009, at 6) and in her written guilty plea. *See* People's Exhibit No. 1. The evidence against her, moreover, was substantial. She apparently informed her mother shortly after the crime that she shot somebody (Tr. Feb. 13, 2009, at 4 and 10), and Mr. Washington identified her as the shooter during the preliminary examination. Mr. Washington was severely injured as a result of his gunshot wound, and petitioner could have been sentenced to two life sentences or any term of years if she had been convicted of the assault charges following a trial. *See* Mich. Comp. Laws §§ 750.83 and 750.89. For these reasons, defense counsel was not ineffective for recommending that petitioner plead guilty so that she would receive a sentence at the bottom of the sentencing guidelines.

Petitioner also has not shown that defense counsel's advice to plead guilty prejudiced her. She has not alleged that, but for her attorney's error, she would not have pleaded guilty and would have insisted on going to trial. Her "failure to make that showing forecloses relief under AEDPA." *Premo v. Moore*, __ U.S. __, __, 131 S. Ct. 733, 745 (2011).

## IV. Conclusion

Petitioner's guilty plea was voluntary, knowing, and intelligent. Therefore, she has waived review of her claims about the pretrial identification of her and defense counsel's alleged failure to challenge the identification. To the extent that petitioner challenges her attorney's advice to plead guilty, the claim is not waived, but it lacks merit because defense counsel's performance was not deficient and his alleged errors likely did not affect the outcome of the plea process.

9

The state court rulings in this case were reasonable.  Consequently, the petition for a writ of habeas corpus is **DENIED**.  The Court declines to issue a certificate of appealability because reasonable jurists would not disagree with the Court's resolution of petitioner's claims, nor conclude that the issues deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Petitioner nevertheless may proceed *in forma pauperis* on appeal because she was permitted to proceed *in forma pauperis* in the District Court. Fed. R. App. P. 24(a)(3).

Dated:  January 9, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 9, 2012, by electronic and/or ordinary mail and also to Symone Brown at Huron Vallley Complex - Women, 3201 Bemis Road, Ypsilanti, MI 48197 .

s/Josephine Chaffee
Deputy Clerk

---

10